UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES D. HARTLEY, Warden,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00829-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 10, 2012, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California.  (Doc. 1). On May 21, 2012, the case was transferred to this Court.  (Doc. 5).

　　　　Petitioner challenges the California court decisions upholding a September 9, 2010, decision of the California Board of Parole Hearings ("BPH"), finding Petitioner unsuitable for parole.  (Doc. 1, p. 19).  Petitioner raises the following claims: (1) the California courts violated Petitioner's federal due

1

process rights in concluding that some evidence was presented to show that he posed a current risk of danger to the public if released on parole; (2) the BPH decision violated due process when the Board failed to set a hearing date as mandated by state law; (3) the BPH's decision misapplied California Penal Code § 3041.5, thereby violating federal ex post facto guarantees.

I. Preliminary Screening of the Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 10, 2012, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of 25 years-to-life imposed in the Santa Barbara County Superior Court after Petitioner's 1983 conviction for first degree murder with use of a firearm. (Doc. 1, p. 6). Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the September 9, 2010 decision of the BPH finding him unsuitable for parole.

A. <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

As discussed more fully below, Ground One in the petition sounds exclusively in substantive federal due process and therefore is not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir.2010); <u>Pearson v. Muntz</u>, 606 F.3d 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (2010), *rev'd*, <u>Swarthout v. Cooke</u>, ___

3

U.S.___, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, ___ 562 U.S.___, 131 S.Ct. 732, 178 L.Ed.2d 732. In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout, 131 S.Ct. at 861. However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Id. The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id.

4

1 Id. The Court went on to point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at 863. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, Ground One in the petition sounds exclusively in substantive due process and is therefore foreclosed by Swarthout. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, that claim in the petition should be summarily dismissed.

Moreover, to the extent that any of the claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B. Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Petitioner has included a transcript of the BPH hearing. (Doc. 1, Transcript of September 9, 2010 BPH hearing ("Transcript"), p. 1 et seq.). From that transcript, it is clear that Petitioner was present at the BPH hearing (id., p. 1), that he had an opportunity to be heard (e.g., id., pp. 18-55), that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf (e.g., id., pp. 63-67), and that Petitioner received a statement of the Board's reasons for denying parole. (Id., Decision, p. 1).

1  According to the Supreme Court, this is "the beginning and the end of the federal habeas
2  courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The
3  Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, Ground One in
4  the instant petition does not present a cognizable claim for relief and should be summarily dismissed.

5      C.  BPH's Failure To Set A Hearing Date.

6  In Ground Two, Petitioner contends that the BPH violated his due process rights and state law
7  by failing to set a new hearing date. This contention is spurious.

8  The transcript of the September 9, 2010 hearing clearly sets forth that the BPH's denial was a
9  five-year denial, meaning that Petitioner would have another hearing in five years. (Transcript,
10  Decision, p. 1). Thus, to the extent that Petitioner is contending that his federal due process rights were
11  violated by the BPH's failure to set any future hearing date, such a contention is premised upon a
12  factual error.

13  To the extent that Petitioner is contending instead that the BPH's use of Marcy's law to extend
14  the future hearing date to five years is a violation of his federal due process rights, such a claim is
15  foreclosed by Swarthout, for the reasons set forth in the preceding sections. Finally, to the extent
16  Petitioner is contending that the BPH failed to correctly follow California law, this Court lacks habeas
17  jurisdiction to consider such an issue.

18      D.  Proposition 9 Violates The Federal Ex Post Facto Clause

19  In Ground Three, Petitioner contends that Proposition 9, which permits the BPH to delay an
20  inmate's next parole hearing for up to fifteen years, is a violation of the Ex Post Facto clause of the
21  federal constitution. The Court disagrees.

22  "The States are prohibited from enacting an ex post facto law." Garner v. Jones, 529 U.S. 244,
23  249 (2000)(citing U.S. Const., art. I, § 10, cl. 1). "One function of the Ex Post Facto Clause is to bar
24  enactments which, by retroactive operation, increase the punishment for a crime after its commission."
25  Id. Although retroactive changes in laws governing parole of inmates may violate the Ex Post Facto
26  Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or
27  conditions of confinement is prohibited." Id. at 250. A retroactive procedural change violates the Ex
28  Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration." Id. at

1  251. A "speculative" or "attenuated" risk of prolonging incarceration is insufficient to establish a
2  violation of the Ex Post Facto Clause. Cal. Dept. Of Corr. V. Morales, 514 U.S. 499, 509 (1995).
3  Thus, in order to establish an Ex Post Facto Clause violation, (1) an inmate must show that Proposition
4  9, on its face, creates a significant risk of increasing the punishment of California life-term inmates, or
5  (2) the inmate must "demonstrate, by evidence drawn from [Proposition 9's] practical
6  implementation...that its retroactive application will result in a longer period of incarceration than
7  under the [prior law]." Garner, 529 U.S. at 255.

8        Prior to the enactment of Proposition 9, California law required that a state inmate receive an
9  annual parole hearing unless, when certain circumstances were present, the BPH scheduled the hearing
10 for between two and five years hence. Cal. Pen. Code § 3041.5(b)(2). In 2010, Proposition 9
11 amended California law to eliminate the annual parole hearing and permit the BPH to schedule future
12 hearings between three and fifteen years hence. Cal. Pen. Code § 3041.5(b)(3)(2010).

13       In Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011), the Ninth Circuit rejected an
14 inmate's ex post facto challenge to Proposition 9. After noting that "Proposition 9 did not increase the
15 statutory punishment for any particular offense, did not change the date of inmates' initial parole
16 hearings, and did not change the standard by which the Board determined whether inmates were
17 suitable for parole," the Court went on to consider the effect of the greater delays between parole
18 hearings on the inmate's period of incarceration, and concluded that no federal violation occurred:

> Even assuming, without deciding, that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment. Garner, 529 U.S. at 256-257; Morales, 514 U.S. at 512.
> ...
> Here, advance hearings are explicitly made available by statute: 'The board may in its discretion...advance a hearing...to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner.' Cal. Penal Code § 3041.5(b)(4). The Board may exercise its discretion to hold an advance hearing sua sponte or at the request of a prisoner. A prisoner may request an advance hearing by submitting a written request that 'set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration." Id. § 3041.5(d)(1). The Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review. Id. § 3041.5(d)(2). Here, as in Morales, an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing. 514 U.S. at 513.

Gilman, 638 F.3d at 1108-1109.

The Ninth Circuit concluded that "[t]here were no facts in the record from which the district court could infer that Proposition 9 created a significant risk of prolonging Plaintiff's incarceration." Id. at 1110-1111.  The Court finds nothing in this record that would require a different result from that reached by the Ninth Circuit in Gilman.  Accordingly, Ground Three should be summarily rejected.

## ORDER

Therefore, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 23, 2012**         /s/ Jennifer L. Thurston
                                 UNITED STATES MAGISTRATE JUDGE